IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WILLIAM L. OGBURN,
   Plaintiff,
     v.

CHASE HOME FINANCE LLC,
   Defendant.

CIVIL ACTION FILE
NO. 1:11-CV-1856-TWT

ORDER

This is an action for breach of contract. It is before the Court on the Defendant's Motion to Dismiss [Doc. 2]. For the reasons set forth below, the Court GRANTS the Defendant's motion.

I. Background

On December 31, 2002, William Ogburn entered into a mortgage transaction with Wachovia Mortgage Corporation (the "Loan") [See Def.'s Mot. to Dismiss, Ex. A]. As part of the transaction, Ogburn executed a promissory note in favor of Wachovia and a security deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"). The note was secured by real property located at 184 Bailey Johnson Road, Alpharetta, Georgia 30004 (the "Property"). MERS assigned the note and

security deed to Chase Home Finance LLC ("Chase")[1] [See id., Ex. B]. When Ogburn defaulted on the note, Chase instituted foreclosure proceedings. There has been no foreclosure sale.

On June 7, 2011, Ogburn filed this Complaint [Doc. 1]. Although the Complaint is unclear, Ogburn apparently claims that Chase breached a loan modification agreement. On September 27, 2011, the Defendant filed a Motion to Dismiss [Doc. 2]. The Defendant argues that the Complaint fails to state a claim and the alleged loan modification agreement does not satisfy the statute of frauds. Further, Chase contends that it has not been properly served.

## II. Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citations and quotations omitted). In ruling on a motion to dismiss, the court must accept factual allegations as true and construe them in the light most favorable

---

[1] JPMorgan Chase Bank, N.A., is the successor to Chase.

to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555).

## III. Discussion

### A. Service of Process

The Defendant argues that Ogburn has not properly served it. Under Federal Rule of Civil Procedure 4, the Plaintiff must serve either Chase or Chase's registered agent. See FED. R. CIV. P. 4(h). Here, although the Plaintiff has not filed any proof of service, the summons is addressed to Johnson & Freedman, LLC [Doc. 1-1]. Johnson and Freedman, LLC, however, is not Chase's registered agent. (See Bridgewater Decl. ¶ 3; Doc. 2-5.) Nor is Johnson & Freedman, LLC authorized to accept service of process for Chase. (Id. ¶¶ 4-5.) Thus, the Plaintiff has failed to properly serve Chase under Rule 4. See FED. R. CIV. P. 12(b)(4) & (5); Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987) ("Before a federal court

may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

B. <u>Failure to State a Claim</u>

Even if Ogburn had properly served Chase, the Defendant contends that the Complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). A complaint will survive a motion to dismiss only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> at 1949. Further, "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" <u>Twombly</u>, 550 U.S. at 555 (quoting <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986)).

Here, the Complaint simply states that the "Plaintiff had been making loan payments to Defendant per the loan modification agreement until Defendant Chase Home Finance LLC., wrongfully, without notice seized Plaintiff's residential property." (Compl. ¶ 8.) Notably, the Plaintiff does not describe the terms of the loan modification agreement. Indeed, the Plaintiff alleges that the Defendant "repeatedly and willfully mislead Plaintiff into believing that the Defendant would agree to a loan mortgage modification terms and conditions." (<u>Id.</u> ¶ 11.) Thus, it is unclear whether

the Plaintiff actually alleges that the Defendant agreed to a loan modification at all. In any event, the Complaint does not state the terms of that modification or how the Defendant breached the contract. Rather, the Complaint simply states that the Defendant "wrongfully" breached the loan modification agreement. See Twombly, 550 U.S. at 555 (quoting Papasan, 478 U.S. at 286) ("[O]n a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"). This legal conclusion, without factual support, cannot withstand a motion to dismiss.

### C. Statute of Frauds

Finally, the Defendant argues that the Plaintiff's claim is barred by the statute of frauds. In Georgia, the statute of frauds provides that "[a]ny contract for sale of lands, or any interest in, or concerning lands" must be written and signed by the party to be bound. O.C.G.A. § 13-5-30. Further, "[a]ny commitment to lend money" must meet the same requirements. Id. Mortgage agreements and modifications are also subject to the statute of frauds. See Allen v. Tucker Fed. Bank, 236 Ga. App. 245, 247 (1998); Jarman v. Westbrook, 134 Ga. 19 (1910) ("[T]he statute of frauds requires that a contract for the sale of an interest in lands shall be in writing, and any modification of a written contract required by law to be in writing must also be in writing in order to be valid."). In Allen, the defendant bank foreclosed on the plaintiffs' home. The plaintiffs, however, alleged that the bank had promised to

refinance the plaintiffs' mortgage. The court noted that "any agreement by the Bank . . . to 'reinstate or refinance' the [plaintiffs'] mortgage would be tantamount to a transfer of an interest in real property subject to O.C.G.A. § 13-5-30(4)." Id. at 246. Thus, "the [plaintiffs'] claim that the Bank orally agreed to reinstate their mortgage following foreclosure is untenable in the absence of a written agreement." Id. Here, as in Allen, the Defendant alleges that Chase promised to refinance the Loan. (See Compl. ¶ 11.) To be valid, however, such an agreement must be in writing and signed by Chase. Id. The Plaintiff has not produced a loan modification agreement and has not alleged that such a written contract exists. For this reason, the statute of frauds bars the Plaintiff's claim.

## IV. Conclusion

For the reasons set forth above, the Court GRANTS the Defendant's Motion to Dismiss [Doc. 2].

SO ORDERED, this 16 day of November, 2011.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge